Dear Judge Giarusso:
In your letter dated May 29, 2002, you requested an opinion of this office concerning the question of dual officeholding. Specifically, you asked whether being a commissioner at Criminal District Court in New Orleans and being licensed as a "judge" by the Louisiana Boxing and Wrestling Commission would violate the Dual Officeholding Law.
The Louisiana Boxing and Wrestling Commission is a state agency within the Office of the Governor. LSA-R.S. 4:61. The judges licensed and utilized by the "Commission" are neither employees nor board members. The position of boxing judge is a part-time job. The Commission would retain you under a contractual agreement.
Consistent with earlier opinions of this office, (Opinion 88-653 and Opinion 88-618) the relationship between you and the Commission is one of contract rather than "employment" as defined in LSA-R.S. 42:62(3), therefore, the provisions of the Dual Officeholding Statute are not violated.
It is the opinion of this office that being a commissioner and being licensed as a "judge" by the Louisiana Boxing and Wrestling Commission would not violate the Dual Officeholding Law.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _____________________________ ANN EVANS WALL Assistant Attorney General
RPI/AEW;dsc
Enclosures
Date Released: August 21, 2002
OPINION NUMBER 88-618
78 Officers — Dual Officeholding R.S. 42:61; R.S. 12:202 C; R.S. 42:65
Contract between CTC, a non-profit, quasi public corporation for managerial services, does not violate Dual Officeholding Statute.
Honorable Michael L. McCleary State Representative Post Office Box 708 Baker, Louisiana 70704
Dear Representative McCleary:
In accordance with R.S. 42:65 C you have requested an opinion of the Attorney General regarding the legality of a contract between McCleary and Associates, Inc. and Capitol Transportation Corporation (CTC), a non-profit corporation created by the City of Baton Rouge and the Parish of East Baton Rouge in 1970 pursuant to R.S. 12:202 C. The purpose of CTC is to operate a public transportation system. The contract would require McCleary and Associates, Inc. to perform managerial services for CTC.
Under the circumstances presented, CTC is contracting with a private corporation for managerial services. The corporation is a separate person and a legal entity and CTC is not engaging you as its employee on a salary or per diem basis; therefore, there is no "employment" of you by CTC as defined in R.S. 42:62 (3). That definition is as follows:
 "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
Accordingly, it is the opinion of this office that the engagement of McCleary and Associates, Inc. by CTC, a non-profit, quasi-public corporation, for management services does not violate Louisiana's Dual Officeholding Law.
Trusting that the foregoing sufficiently answers your inquiry, I remain
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: _________________________ KENNETH C. DEJEAN Chief Counsel
KCD:mac
OPINION NUMBER 88-653
December 29, 1988
78 DUAL OFFICEHOLDING R.S. 42:63
Member of the Legislature who enters into a contract, with a subsidiary agency of a Honorable local governing body, to perform consulting and managerial services does not violate Dual Officeholding Law.
Irma M. Dixon State Representative Post Office Box 4070 New Orleans, Louisiana 70178-4070
Dear Ms. Dixon:
In your letter dated December 6, 1988, you have requested an opinion of this office. You state that the Audubon Park Commission has entered into a contract with the Audubon Institute, a private non-profit corporation, which operates the New Orleans Zoological Gardens and the Aquarium of the Americas.
The Institute would like to retain you under a contractual agreement, as Director of Operations for the Aquarium. The Commission formed the Institute for the purposes of operating and maintaining the Aquarium.
We are enclosing a copy of an opinion of this office, 88-618, to the Honorable Michael McCleary, State Representative, which deals with an almost identical set of facts.
Consistent with our earlier opinion it is the opinion of this office that if the relationship between you and the Institute is one of contract rather than "employment" as defined in R.S. 42:62 (3), the provisions of the Dual Officeholding Statute are not violated.
Thus, it is the opinion of this office that you may legally enter into a contract individually with the Audubon Institute to perform contractual consulting services for the Aquarium of the Americas because such a contractual relationship will not result in an "employment" as defined by the Louisiana Dual Officeholding Law.
Trusting that the foregoing sufficiently answers your inquiry, I remain
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: __________________________ KENNETH C. DEJEAN Chief Counsel
KCD:mac
Enclosure